UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSUE OROZCO JUAREZ,

Petitioner,

v.

RUBEN LEYVA, *et al.*,

Respondents.

Case No. 2:26-cv-01268-MMD-DJA

ORDER

## I.    SUMMARY

Petitioner Josue Orozco Juarez, an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center, filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1 ("Petition"))[1] and moves to seal an exhibit (ECF No. 3 ("Motion to Seal")). For the reasons discussed below, the Court grants the Motion to Seal and denies the Petition.

## II.    RELEVANT BACKGROUND

Petitioner is a citizen of Mexico. (ECF No. 1 at 6.) He entered the United States lawfully in October 2022 through a temporary agriculture worker visa but overstayed his visa term. (*Id.* at 2.) In February 2026, Petitioner was convicted of two misdemeanor offenses: excessive driving under the influence and a false 911 report. (*Id.* at 6.) Petitioner was detained by Immigration and Customs Enforcement on February 26, 2026, after his suspended sentence and release on probation. (*Id.*) On March 26, Petitioner had a bond redetermination hearing ("Bond Hearing") before an Immigration Judge ("IJ"). (*Id.*) The IJ determined Petitioner was a danger to the

---

[1]Respondents filed a response (ECF No. 9) and Petitioner replied (ECF No. 10).

community and denied his bond.[2] (*Id.* at 7.) Petitioner timely appealed to the Board of Immigration Appeals ("BIA") on April 7, 2026. (ECF No. 10-1.)[3] On April 23, 2026, Petitioner filed his Petition for federal habeas corpus relief, alleging that the IJ's determination was not based on an individualized assessment and therefore his continuing detention is unlawful. (ECF No. 1.)

## III.   MOTION TO SEAL

Petitioner asks the Court to seal Exhibit A of his reply brief. (ECF No. 11.) The exhibit, filed under seal, contains a full, unredacted transcript of the Bond Hearing. (ECF No. 12 (sealed).) The Court agrees that this document contains "sensitive personal information, immigration custody information, testimony regarding detention matters, and other non-public information." (ECF No. 11 at 2). In particular, the transcript includes descriptions of Petitioner's criminal convictions. The Court finds that a compelling need to protect individual privacy outweighs the public interest in open access to court records and therefore will grant the Motion to Seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

///

///

---

[2]Respondents suggest that Petitioner's bond hearing was denied because he is subject to mandatory detention related to criminal activity under 8 U.S.C. § 1126(c). (ECF No. 9 at 2.) Respondents cite no evidence to support this conclusion, despite this type of information being "uniquely in the possession of Respondents." *Rojas-Lara v. The United States of America, et al.*, Case No. 2:25-cv-02544-RFB-EJY (D. Nev. Dec. 19, 2025) (ECF No. 15) (citing *Yong v. I.N.S.*, 208 F.3d 1116, 1119-20 (9th Cir. 2000)). As Petitioner clarifies in his reply brief, this mandatory detention provision applies narrowly to those convicted of certain offenses, none of which include a single misdemeanor DUI or false report. (ECF No. 10 at 4.) Moreover, Petitioner provides the transcript of the Bond Hearing which confirms that neither the government nor the IJ invoked this mandatory detention provision in denying Petitioner's bond. (ECF No. 12 (sealed).) The Court therefore rejects Respondents' factual contention.

[3]Respondents claim Petitioner never appealed his bond decision to the BIA. (ECF No. 9 at 2, 4.) Respondents do not provide any evidence to support this conclusion. Petitioner however, provided a filing receipt of his appeal to the BIA. (ECF No. 10-1.) With this evidentiary support, the Court adopts Petitioner's factual account.

## IV.   ADMINISTRATIVE EXHAUSTION

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

The Court rejects Respondents' argument that the Court lacks jurisdiction due to Petitioner's lack of complete administrative exhaustion with the BIA. (ECF No. 9 at 3.) "Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted). "Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Section 2241 contains no statutory exhaustion requirement. *See* 28 U.S.C. § 2241. Administrative exhaustion is therefore not jurisdictional but rather prudential in immigration detention habeas petitions under Section 2241. *See Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004). Consequently, courts have the authority to waive the administrative exhaustion requirement under certain circumstances. *See id.* at 1000.

Respondents cite *Leonardo v. Crawford* for the proposition that administrative exhaustion is mandatory and jurisdictional. (ECF No. 9 at 3 (citing 646 F.3d 1157 (9th Cir. 2011)).) But there, the Ninth Circuit held that "[w]hen a petitioner does not exhaust administrative remedies [with the BIA], a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted

3

remedies, *unless exhaustion is excused.*" *Leonardo*, 646 F.3d at 1160 (emphasis added). Moreover, the *Leonardo* Court references "factors a court should consider when deciding *whether to excuse the prudential* exhaustion requirement in a particular case." *Id.* (citations omitted) (emphasis added). In *Leonardo*, the Ninth Circuit only remanded with instructions to dismiss for failure to exhaust because the petitioner there did not "demonstrate[] grounds for excusing the exhaustion requirement." *Id.* Respondents cite to *Martin v. United States* as an example of this District embracing *Leonardo* as imposing a jurisdictional administrative exhaustion requirement. (ECF No. 9 at 3 (citing No. 2:26-CV-00388-CDS-NJK, 2026 WL 937389 (D. Nev. Apr. 6, 2026)).) However, last week Judge Silva reconsidered that decision on this exact ground, concluding that administrative exhaustion is prudential and waivable in Section 2241 petitions. *See Martin v. United States*, No. 2:26-CV-00388-CDS-NJK, 2026 WL 1266231 (D. Nev. May 8, 2026). The Court therefore rejects Respondents' interpretation of *Leonardo* as imposing a jurisdictional requirement of exhaustion in Section 2241 petitions and reiterates that administrative exhaustion is prudential and waivable.

"Lower courts are… not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F. 3d at 998 (citing *Montgomery v. Rumsfeld*, 572 F.2d 250, 254, n.4 (9th Cir. 1978)). The Ninth Circuit recognizes various situations where waiver of administrative exhaustion is appropriate, "such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* (quoting *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir.1981)). But ultimately, "[t]he party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted). Here, Petitioner made no waiver argument in his counseled

4

Petition, despite acknowledging that his appeal of the IJ's bond decision remains pending with the BIA. (ECF No. 1.)[4] Petitioner only addresses the issue of administrative exhaustion, and the possibility of waiver, in his reply brief. (ECF No. 10 at 2-4.) "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citation omitted). Therefore, the Court finds Petitioner here does not meet his burden to establish waiver of administrative exhaustion.[5]

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the case.

It is therefore ordered that Petitioner's Motion to Seal (ECF No. 11) is granted.

///

///

---

[4]Petitioner seems to hint at a waiver argument in his Petition by stating that "[a]ppeal would be futile" based on the IJ's statements that she believed the BIA would reverse her if she granted Petitioner bond. (ECF No. 1 at 14.) However, simultaneously, Petitioner argues that the IJ was incorrect and that appeal to the BIA would not be futile: "There exists no controlling BIA precedent that a single DUI offense, excessive or otherwise, necessitates a finding that an individual represents an ongoing danger to the community." (*Id.* at 8.) Therefore, the Court concludes Petitioner did not effectively invoke a waiver argument in the Petition.

[5]While not binding on the Court, this decision is consistent with Judge Silva's ruling on reconsideration in *Martin*. *See* 2026 WL 1266231. There, Judge Silva remarked that Petitioner failed to raise waiver of administrative exhaustion in the counseled first amended petition. *See id.* at *2, *2 n.2. But notably, the petitioner there did raise a waiver argument as to administrative exhaustion in his initial *pro se* petition. *See id.* at *2 n.2. Moreover, Judge Silva expressly relied on the extended length of the petitioner's detention, over a year, in disregarding that waiver arguments must be raised in the first instance. *See id.* at *2. The circumstances here are distinct, as Petitioner did not preview any argument regarding waiver to Respondents until the reply brief and Petitioner's appeal with the BIA has been pending for just over one month.

It is further ordered that the Petition (ECF No. 1) is denied. The Clerk of Court is kindly directed to enter judgement in favor of Respondents and close this case accordingly.

DATED THIS 13th Day of May 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6